**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| SUN CHA THOMPSON,           )<br>                                         )<br>        Plaintiff,                      )<br>                                         )<br>    vs.                                 )<br>                                         )<br>TONY ZIRKLE,                    )<br>                                         )<br>        Defendant.                 ) | Cause No. 2:07-CV-227 PS |

**OPINION AND ORDER**

Sun Cha Thompson, a prisoner confined at the Danbury FCI, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that attorney Tony Zirkle overcharged him for his legal services. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Defendant Tony Zirkle is an attorney in private practice. The records of this court

establish that he was one of the attorneys who represented Mr. Thompson against the federal criminal charges brought against him. In his complaint, Mr. Thompson states that when he hired Mr. Zirkle, he thought that Mr. Zirkle had agreed to represent him for 225 hours at $75.00 an hour, totaling $16,875. Instead, Mr. Zirkle charged him with a total of $70, 420.31, and an additional $33,393.75 for a paralegal. Mr. Thompson asks the court to order the defendant to return $53, 545.31 to him.

Mr. Thompson brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress violations of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

As a private attorney, Mr. Zirkle is not a proper defendant in a §1983 action. To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 536 (1981). If the person did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The United States Supreme Court defines the phrase "acting under color of [state] law" as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citations omitted). Attorneys, even public defenders representing criminal defendants in state court, do not act under color of state law. *Polk County*

2

*v. Dodson*, 454 U.S. 312 (1981).

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court **DISMISSES** this Complaint.

**SO ORDERED**.

ENTERED: October 17, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
